FILED

IN THE UNITED STATES DISTRICT COURT FOR THE

EASTERN DISTRICT OF VIRGINIA

2017 MAR 24 P 4:45

Alexandria Division

CLERK US DISTRICT COURT ALEXANDRIA, VIRGINIA

| | | |
|---|---|---|
| IN RE SEARCH OF:<br><br>2122 21ST ROAD NORTH<br>ARLINGTON, VIRGINIA | ) | No. 1:12sw1002<br><br>UNDER SEAL |
| IN RE SEARCH OF:<br><br>UNIVERSITY OF MANAGEMENT<br>AND TECHNOLOGY | ) | No. 1:12sw1003<br><br>UNDER SEAL |

# GOVERNMENT'S RESPONSE TO MOTION TO SHOW CAUSE

## INTRODUCTION

On March 10, 2017, Yanping Chen filed a motion to show cause asking the Court to hold a hearing to determine, among other things, "the identity of the official/s [supposedly] responsible for the disclosure of the documents or information acquired as part of the investigation of this matter." Chen Mot. 4. The United States does not concede any such disclosure by government officials. However, even if the "disclosure" hypothetically involved materials obtained from a search and hypothetically originated from within the government, there was no violation of a court order or FED. R. CRIM. P. 6(e). Accordingly, Chen's motion should be denied.

## I. THERE WAS NO VIOLATION OF A COURT ORDER

As Chen notes, the Court's sealing order expired by its own express terms on March 4, 2013. It is true that the government sought an order to "partially unseal" the search affidavit to show it to Chen's counsel as part of plea negotiations, and this order was entered on January 14,

2014. However, given the terms of the original order, the application to unseal the affidavit was apparently due to an oversight by the government, and this second order was unnecessary.

The original sealing order provided:

> ORDERED that the search warrant application and affidavit in support of the search warrant, Motion to Seal, and this Order be Sealed until the close of business March 4, 2013.

The second order provided:

> ORDERED that the affidavit filed in support of the application for the search warrant is partially unsealed to allow counsel for Yanping Chen to review a redacted version of the affidavit in the U.S. Attorney's Office for the limited purpose of pre-indictment plea discussions.

Thus, the sealing order was no longer in effect after March 4, 2013, and the second order did nothing to re-seal anything. It merely partially unsealed – as it turns out, unnecessarily so – the affidavit in support of the search warrant.

Furthermore, the sealing order did not seal anything other than "the search warrant application and affidavit in support of the search warrant" and the motion and order to seal. Similarly, the second order only addressed the "affidavit filed in support of the application for the search warrant." Even if, therefore, the second order had any effect independent of the expired sealing order, that putative effect would have involved the search warrant affidavit and nothing else.

Chen has therefore failed to show any violation of a court order.

## II. THERE WAS NO VIOLATION OF FED. R. CRIM. P. 6(E).

FED. R. CRIM. P. 6(e) applies only to "matters occurring before the grand jury," and does not apply to documents and other materials obtained through other sources during the course of an investigation conducted by a law enforcement agency.

> It is important to bear in mind that law enforcement investigations typically precede, or occur simultaneously with but independently of, grand jury investigations. Leaks of information from law enforcement investigations that relate to matters under grand jury investigation do not concern "matters before the grand jury," unless, of course, they disclose secret details about proceedings inside the grand jury room.

*United States v. Rosen*, 471 F. Supp.2d 651, 655 (E.D. Va. 2007) (Ellis, J.).

Here, whatever the provenance of its information, nothing in the Fox News article "disclose[d] secret details about proceedings inside the grand jury room." *Id.* Indeed, the single reference to a grand jury came from Stephen Rhoads, who according to the article said that "he was instructed by the FBI to tell Chen that he was going to testify before a Virginia grand jury."[1] Notably, the article did *not* claim that the FBI itself said *anything* about a grand jury, and no source – no matter how obliquely mentioned in the article – said that Rhoads was, *in fact*, going to testify before a grand jury.

It is significant that, in addition to Rhoads, the article mentioned eighteen other sources for the story:

1. "The University of Management and Technology";
2. "Documents reviewed by Fox News";
3. "Photos, exclusively obtained by Fox News";
4. "Three independent experts";
5. "Emails and other documents reviewed by Fox News";
6. "Chen's immigration records";

[1] Rhoads was by far the most frequently-cited source for the article and was described as "a military veteran turned whistleblower" who "said he worked at UMT." According to the article, Rhoads "sa[id] he worked with the FBI on the case."

7. "Dennis Blasko, a leading Chinese military expert";

8. Chen's "George Washington University dissertation";

9. An "interview summary" said to be of Chen's "2012 FBI interview";

10. "Outside experts";

11. "Ray Fournier who worked with the State Department's office of diplomatic security";

12. "federal investigators, who questioned whether students' records were remotely accessed from China" – although the article was unclear about whether the source of this assertion was indeed "federal investigators" or someone who claimed to know what federal investigators "questioned";

13. "Chen's daughter . . . who also works at UMT" – here too the article was unclear about whether a statement attributed to her came directly from her or from someone else, although later in the article there was another statement specifically attributed to "Chen's daughter";

14. "Emails obtained by Fox News," including a statement that the article attributed to "[a]n FBI agent in one email exchange";

15. "DoD chief for Voluntary Education Assistance, . . . [who] referred questions to [a] Pentagon spokesperson" and an email from the spokesperson;

16. "Sources";

17. "A FOIA request filed by Fox News Senior Executive Producer Pamela Browne"; and

18. "A school representative."

In the only direct reference to someone bound by FED. R. CRIM. P. 6(e) – an attorney for the government or government personnel deemed necessary to assist the attorney for the government – the article stated that those contacted would not comment.

Assuming for argument that some of the information in the article came from the government, there still would be no violation of Rule 6(e). This is so because statements by the government concerning a *law enforcement* investigation are not the same as statements about a *grand jury* investigation, "because the latter is a Rule 6(e) violation while the former is not." *Rosen*, 471 F. Supp.2d at 655. *See also, In re Sealed Case No. 99-3091*, 192 F.3d 995 (D.C. Cir. 1999) ("[T]he Rule itself[] reflect[s] the need to preserve the secrecy of the *grand jury* proceedings themselves. It is therefore necessary to differentiate between statements by a prosecutor's office with respect to its own investigation, and statements by a prosecutor's office with respect to a *grand jury's* investigation, a distinction of the utmost significance upon which several circuits have already remarked.") (emphasis by the court).

Because the "disclosures" of which Chen complains – even if they were attributable to the government – did not reveal any "matters occurring before the grand jury" there was no violation of FED. R. CRIM. P. 6(e). Accordingly, Chen's motion should be denied.

III. CHEN HAS MADE NO *PRIMA FACIE* SHOWING MERITING A HEARING.

Finally, the Court should deny Chen's motion without holding a hearing. *Rosen* is again instructive:

> Because law enforcement investigations often parallel grand jury investigations, news reports about such investigations or its targets may emanate from either or both sources, and thus may or may not constitute disclosures violative of Rule 6(e). . . . Courts have therefore sensibly determined that a hearing on a claimed Rule 6(e) violation will not be held absent a showing of a *prima facie* Rule 6(e) violation. . . . If no *prima facie* case is shown, no hearing is warranted, and *a fortiori* the claim fails.

471 F. Supp.2d at 656 (citation omitted).

The "threshold issue to resolve" then, *id.*, is whether Chen has made a *prima facie* showing of a Rule 6(e) violation. She has not. Indeed, *Rosen* involved similar circumstances, but involved several news articles reported over an extended period of time, not the single instance alleged here. Nonetheless, Judge Ellis found that a *prima facie* had not been made:

> Simply put, the media reports do not contain the detail and specificity necessary to reflect a disclosure of "matters occurring before the grand jury." In particular, the media reports identify no grand jury witnesses, disclose no questions that were asked or would be asked of witnesses in the grand jury, nor do the reports even describe or summarize any grand jury witness' testimony. Indeed, the reports never even mention a grand jury investigation. Instead, the reports reference only a "government investigation," which can, and in this case did, take many forms independent of a grand jury inquiry.
>
> * * *
>
> [D]efendants' cited reports here make no explicit reference to grand jury proceedings and lack the specificity and detail that would warrant an inference that the disclosures relate to "matters occurring before the grand jury."
>
> In sum, it is apparent that defendants' cited media reports fall short of establishing a *prima facie* case of disclosure of any "matters occurring before the grand jury," and hence defendants' claims in this regard must fail.

471 F. Supp.2d at 656. *See also In re Sealed Case No. 99-3091*, 192 F.3d at 1001 ("A *prima facie* violation based on a news report is established by showing that the report discloses "matters occurring before the grand jury" and indicates that sources of the information include government attorneys.").

Because the solitary news article cited by Chen involved even less "specificity and detail" than the several articles reviewed in *Rosen* and *In re Sealed Case No. 99-3091*, she has not made the required *prima facie* showing. Accordingly, as in *Rosen*, "no hearing is warranted, and *a fortiori* the claim fails."

## CONCLUSION

For these reasons, the United States respectfully requests that Ms. Chen's motion to show cause be denied without a hearing.

Respectfully submitted,

DANA J. BOENTE
UNITED STATES ATTORNEY

By: ______________________
James P. Gillis
Assistant United States Attorney

CERTIFICATE OF SERVICE

I certify that I served a copy of the foregoing by first-class mail and by email upon the following:

John C. Kiyonaga
600 Cameron Street
Alexandria, VA 22314
john@johnckiyonaga.com

James P. Gillis
Assistant United States Attorney